UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NENA NWACHUKU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0946 (RJL) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| U.S. Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**STATUTORY BASIS**

1.     Paragraph 1 contains plaintiff's allegation of a statutory basis for the litigation for which no response is required.

**JURISDICTION**

2.     Paragraph 2 contains plaintiff's allegation of jurisdiction which is a legal conclusion for which no response is required.

**VENUE**

3.     Paragraph 3 contains plaintiff's allegation of venue which is a legal conclusion for which no response is required.

**PARTIES**

4.     Defendant admits the first sentence of Paragraph four to the extent that Plaintiff is of black coloration and that she is female.  Defendant lacks knowledge sufficient to admit or deny the remainder of the allegations in the first sentence.  However, Defendant does aver that

Plaintiff has represented herself to be a United States citizen, ((the Environmental Protection Agency ("EPA") would not have been permitted to hire her otherwise)) as well as a resident of Maryland. Defendant admits the second sentence in Paragraph 4 to the extent that Plaintiff has been employed by EPA as an Environmental Scientist since 1998. Defendant denies the remainder of the second sentence of the paragraph.

5. Defendant admits the first sentence of Paragraph 5 to the extent that Stephen L. Johnson is the Administrator of EPA; that EPA is an independent agency within the Executive Branch of the United States Government; that EPA has at all times since 1995 employed more than 500 employees. Defendant denies the second sentence of the paragraph. No response is required for the third sentence of the paragraph.

## GENERAL ALLEGATIONS

6. Defendant admits the first and second sentences of Paragraph 6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in the third and fourth sentences of the paragraph, and so denies.

7. Defendant admits Paragraph 7 only to the extent that sometime during 2001-2002, Plaintiff lodged a union grievance against her immediate and second line supervisors. Defendant denies the remainder of the paragraph.

8. Defendant admits the first sentence of Paragraph 8 to the extent that, in early 2003, the Office of Science and Technology ("OST") Office Director announced the availability of a limited number of OST-wide accretion of duties promotions to the GS-14 level. Defendant admits the second sentence of the paragraph to the extent that all eligible GS-13 employees were advised that they could make a submission, if they were inclined. Defendant admits the third

sentence of the paragraph to the extent that Plaintiff submitted a written justification for an accretion of duties promotion to the GS-14 level, but denies that Plaintiff was instructed to do so. Defendant avers that all eligible GS-13 employees were advised that, were they so inclined, they could make a submission. However, OST management made it clear that doing so was not obligatory nor was it a prerequisite for promotion consideration.

9.     Defendant admits the first sentence of Paragraph 9 to the extent that Plaintiff was not promoted to a GS-14 level and that promotions were made in the spring of 2003. Defendant lacks sufficient knowledge or information to form a belief as to when Plaintiff learned that she had not been promoted. Defendant denies the second sentence of the paragraph, but avers that none of the selectees was less qualified than Plaintiff. With respect to the third and fourth sentences of the paragraph, defendant admits that two employees were selected to receive GS-14 accretion of duties promotions. One of the selectees was a Black, African American, female, information systems specialist. The other selectee was a white male who did not possess a Ph.D. Defendant avers that the mere fact of Plaintiff's non-promotion conveyed OST management's determination that Plaintiff was not as well qualified as the two individuals noted above who were selected for promotion.

10.    Defendant admits the first sentence of Paragraph 10 to the extent that Plaintiff filed a discrimination complaint with EPA's Office of Civil Rights. With respect to the second sentence of the paragraph, Defendant admits only that Plaintiff raised allegations that her non-selection was based on race, color and national origin, and on retaliation for prior protected activity, and that these allegations were raised in EPA Complaint No. 2004-0050-HQ. Defendant denies the third sentence of the paragraph.

### FIRST CLAIM FOR RELIEF

Defendant incorporates its responses to paragraphs 1-10 as if fully set forth herein.

11. Defendant denies Paragraph 11.

12. Defendant denies Paragraph 12.

### SECOND CLAIM FOR RELIEF

Defendant incorporates its response to paragraphs 1-10 as if fully set forth herein.

13. Defendant denies Paragraph 13.

14. Defendant denies Paragraph 14.

### THIRD CLAIM FOR RELIEF

Defendant incorporates its response to paragraphs 1-10 as if fully set forth herein.

15. Defendant denies Paragraph 15.

16. Defendant denies Paragraph 16.

### RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief is seeks. Defendant hereby specifically denies all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendant requests that the Court enter a judgment:

a. Dismissing the Complaint against Defendant with prejudice;

b. Award the defendant such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM,  D.C. Bar #435409
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-6531

Of Counsel:

Paul Winick, Attorney Advisor
Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W.
Ariel Rios Building North, Room 7454D
Washington, D.C.  20004

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July 2006, service of the foregoing Answer has been made by mailing a copy thereof to:

David H. Shapiro
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C.  20005

                                            /s/
                                          MARIAN L. BORUM
                                          Assistant United States Attorney
                                          Judiciary Center Building
                                          555 4th Street, N.W. – Civil Division
                                          Washington, D.C.  20530