UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NENA NWACHUKU )<br>)<br>Plaintiff, )<br>v. )<br>STEPHEN L. JOHNSON, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0946 (RJL) |

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to LCvR 16.3, the parties hereby report to the court that counsel for the parties conferred during the period November 15-December 15, 2006. As a consequence, the parties hereby report to the Court as follows:

1. Case Scheduling: There are no pending motions. However, defendant believes that some of all of the claims in this case may be resolved through a dispositive motion; plaintiff disagrees. In any case, the parties do not believe that discovery should be stayed at this time for dispositive motions.

2. Joinder/Amendment/Narrowing: The parties do not anticipate the necessity to join third parties. Plaintiff will likely seek to amend the pleadings within approximately six months to encompass additional claims that are related to the original complaint, and for which exhaustion of administrative remedies is required. Neither party believes that the legal or factual issues can be narrowed at this time.

3. Assignment To Magistrate Judge: Defendant does not consent to assignment of this case to a magistrate judge for all purposes; plaintiff would consent to assignment to a magistrate judge.

4. <u>Settlement Possibility</u>: The parties do not see a realistic possibility of settlement at this time. Defendant believes that such discussions, if any, would be more appropriate after the completion of discovery in this case.

5. <u>Alternative Dispute Procedures</u>: At this time, the parties do not believe that the case could benefit from the Court's ADR process. The parties will inform the Court if it appears that mediation might be useful later in this process.

6. <u>Dispositive Motions</u>: Defendant expects to file a dispositive motion upon the close of discovery in this case. The parties suggest that any post-discovery dispositive motion should be filed within 60 days after the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 30 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: The parties propose that initial disclosures authorized under F.R.Civ.P. 26(a)(1) be waived.

8. <u>Discovery</u>: The parties propose that the Court set a discovery schedule for this case, in accordance with the attached proposed Scheduling Order. The parties believe that 180 days are necessary to complete discovery. Interrogatories, requests for production of documents, and requests for admissions are limited to 25 in number. The plaintiff proposes a limit of ten (10) depositions per side; defendant proposes a limit of six (6) depositions per side. Each deposition limited to seven hours. Should sensitive personal and/or medical information be exchanged during the course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval.

9. <u>Experts</u>:  The parties propose that plaintiff's expert disclosures be served within 60 days after the entry of the scheduling order, and that defendant's expert disclosures should be served within 60 days after service of plaintiff's expert disclosures.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not see any need for bifurcation.

12. <u>Proposed Date For The Pretrial Conference</u>:  Plaintiff asks the Court to set a date certain in the initial scheduling order.  Defendant takes the position that a pre-trial date should await the outcome of dispositive motions, if any.

13. <u>Trial Date</u>:  Plaintiff proposes that the trial date be set in the initial scheduling order for some time in the Winter of 2007/Spring of 2008.  Should a trial be necessary in this case, defendant proposes that the date should be set at the pretrial conference.

14. <u>Other Matters:</u>  None.

Respectfully submitted,

          /s/
Jeffrey A. Taylor, D.C. Bar # 498610
United States Attorney

          /s/
David H. Shapiro, D.C. Bar # 961326
James E. Simpson, D.C. Bar # 482870
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300
FAX (202) 842-1418

Attorneys for Plaintiff

          /s/
Rudolph Contreras, D.C. Bar # 434122
Assistant United States Attorney

          /s/
Marian L. Borum, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6531
FAX (202) 514-8780

Attorneys for Defendant