UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NENA NWACHUKU,<br>　　7413 Shrewsbury Court<br>　　Beltsville, MD 20705,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN L. JOHNSON,<br>　　Administrator, United States<br>　　Environmental Protection Agency,<br>　　1200 Pennsylvania Avenue, N.W.<br>　　Washington, DC 20460,<br><br>　　　　　　　Defendant. | Civil Action No. 06-0946 (RJL) |

## AMENDED COMPLAINT
(Employment Discrimination and Retaliation)

### Introduction

1.　Plaintiff Nena Nwachuku brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 through 2000e-16(c) and § 1981a ("Title VII"), alleging that she has been subjected to on-the-job discrimination based on her race and color (Black), her national origin (African), and in reprisal for her having complained about unlawful on-the-job discrimination by her superiors in the past.

### Jurisdiction

2.　This Court has jurisdiction over the subject matter of this civil action pursuant to 42 U.S.C. §2000e-16(c), plaintiff having fully exhausted her available administrative remedies as follows: 1) by having timely lodged formal administrative complaints of the employment

discrimination at issue here with the appropriate office at the U.S. Environmental Protection Agency ("EPA") -- EPA Admin. Complaint Nos. 2003-0065-HQ and 2004-0050-HQ -- which complaints were consolidated by an administrative judge employed by the U.S. Equal Employment Opportunity Commission ("EEOC") -- under EEOC No. 100-2004-01025X; the administrative judge having issued a decision after a hearing on November 18, 2005 in that consolidated EEO complaint, which decision was adopted by the EPA's Office of Civil Rights as the final agency decision in both of plaintiff's administrative EEO complaints in a "Final Agency Order" issued on February 13, 2006; the "Notice of Final Agency Order" -- the final agency decision in both plaintiff's administrative EEO complaints -- was received by plaintiff on February 22, 2006, which is within 90 of the filing of the instant complaint initiating a civil action; and 2) by having filed an appeal with the United States Merit Systems Protection Board ("MSPB") and having received a decision by the MSPB which became final on May 30, 2007 denying her appeal.

### Venue

3.   Venue is proper in this judicial district as the conduct giving rise to the claims made herein occurred at the headquarters of the U.S. Environmental Protection Agency, which is located in Washington, D.C., plaintiff works for the U.S. Environmental Protection Agency in this judicial district and her personnel records are maintained here.

### Parties

4.   Plaintiff Nena Nwachuku (hereinafter "Dr. Nwachuku" or "plaintiff") is a Black, female citizen of the United States and of the State of Maryland, who was born and raised in Africa.. At all times relevant to the allegations in this complaint (indeed, since 1998), plaintiff

was employed by the U.S. Environmental Protection Agency in Washington, D.C. as a GS-1301-13 Environmental Scientist in the Health and Ecological Criteria Division of the Office of Science and Technology within the Office of Water.

5.    Defendant Stephen L. Johnson is the Administrator of the U.S. Environmental Protection Agency (hereinafter the "EPA"), and as such is the head of that organization, which is an independent agency within the Executive Branch of the government of the United States that has had more than 500 employees in at least 20 calendar weeks in each year since 1995. As such, defendant Johnson is responsible for personnel actions, omissions and practices within the EPA. He is here sued only in his official capacity as Administrator of EPA.

### Statement of Facts

6.    Dr. Nwachuku worked as a GS-1301-13, Environmental Scientist, in the Health and Ecological Criteria Division ("HECD") in the Office of Science and Technology ("OST"), of the Office of Water ("OW"). She has worked in the HECD for over eight years (since 1998) at all times at the GS-13 level. She has a total of over 16 years in federal service and has worked in the environmental field for some 19 years. She has a Masters of Science degree in microbiology from Howard University and a Ph.D. in microbiology from the George Washington University, where she also did a year of post-doctoral work.

7.    In a grievance lodged against her immediate supervisor in 2001-2002, plaintiff alleged, *inter alia*, that she was being discriminated against based on her race, color and national origin by her management when she had been denied training, stripped of team leader responsibilities, and subjected to humiliation.

8. In early 2003, the Director of OST informed all OST employees that promotions to the GS-14 and GS-15 levels were available based on "accretion of duties." Plaintiff was notified by email that she was eligible to "apply" for a GS-1301-14 "accretion of duty" promotion. She subsequently prepared her written justification for such a promotion as instructed and timely submitted it, also as instructed.

9. On June 5, 2003, plaintiff learned that she had not been promoted to a GS-14 level, such promotion having been made in the Spring of that year. Plaintiff was told that she was among the GS-13 employees who management had determined were "not qualified" for a GS-14 promotion, though several less qualified GS-13s had in fact been promoted. As plaintiff subsequently learned, all of those given the "accretion of duty" promotions were whites (with the exception that one such promotion that was awarded not to a scientist, but to an information systems specialist), and all were far less qualified for promotion to the GS-14 level than was Dr. Nwachuku. For example, only one of those who received these "accretion of duty" promotions to the GS-14 level had a Ph.D.

10. After learning of her non-promotion, Dr. Nwachuku lodged a discrimination complaint against OST. Following this act, HECD management officials, in an effort to continue the race, color, and national origin discrimination against her, and particularly to punish her for having lodged a complaint of non-promotion -- *i.e.*, EPA Complaint No. 2003-0065-HQ -- subjected her to a campaign of harassment which included suppressing her promotional opportunities, creating a hostile work environment for her, and giving her lower-than-deserved performance evaluations -- all of which is contained in her later administrative EEO complaint --

*i.e.*, EPA Complaint No. 2004-0050-HQ. As noted, this campaign of harassment was continuing in nature.

11.     On December 4, 2006, plaintiff's employment with the EPA was terminated, based upon trumped-up charges of misconduct. In fact, plaintiff was terminated as a result of discrimination and retaliation for exercising her rights to be free of discriminatory and retaliatory acts by her employer.

## Statement of Claims

**Claim I -- Discrimination Based on Race and Color**

12.     The disparate treatment accorded Dr. Nwachuku by management officials within OST, as set forth above in paragraphs 9 through 11, constitutes intentional unlawful discrimination based on race and color, and as such constitutes a violation of plaintiff's right to a work environment free of unlawful race and color discrimination under Title VII.

13.     As a direct and proximate result of the defendant's unlawful race and color discrimination, Dr. Nwachuku has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as general emotional pain.

**Claim II -- Discrimination Based on National Origin**

14.     The disparate treatment accorded Dr. Nwachuku by management officials within OST, as set forth above in paragraphs 9 through 11, also constitutes intentional unlawful discrimination based on national origin, and as such constitutes a violation of plaintiff's right to a work environment free of unlawful race and color discrimination under Title VII.

15. As a direct and proximate result of the defendant's unlawful discrimination, Dr. Nwachuku has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as general emotional pain.

**Claim III -- Retaliation**

16. The disparate treatment accorded Dr. Nwachuku by management officials within OST, as set forth above in paragraphs 9 through 11, also constitutes intentional unlawful retaliation because she had previously raised and pursued claims of unlawful race and color discrimination and national origin discrimination (*e.g.*, both in EPA Complaint No. 2003-0065-HQ and prior to that in a grievance lodged against her immediate supervisor).

17. As a direct and proximate result of the defendant's unlawful retaliation, Dr. Nwachuku has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as general emotional pain.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on the claims brought herein and provide her with the following relief:

a. Award plaintiff compensatory damages against defendant in the maximum dollar amount allowable under Title VII, with interest thereon;

b. Order defendant to reinstate plaintiff to full employment status, effective December 4, 2006;

    c.    Order defendant to promote plaintiff to a GS-1301-14 (at the appropriate within-grade pay level) retroactive to the earliest date in 2003 when a GS-13 in OST received a promotion to GS-14 on an "accretion of duties" basis (*i.e.*, sometime in March 2003);

    d.    Order defendant to provide plaintiff with full back pay (with interest thereon) and other benefits (including within-grade pay increases, statutory pay increases, bonuses, etc.), to accord with the retroactive promotion to the GS-1301-14 and reinstatement to active employment;

    e.    Order defendant to correct EPA's records, including plaintiff's Official Personnel Folder ("OPF") to accord with the jury's verdict and the equitable relief awarded plaintiff by the Court;

    f.    Enjoin defendant from discriminating or retaliating against plaintiff in the future;

    g.    Award plaintiff her costs of filing and prosecuting this civil action and the administrative EEO complaints and MSPB appeal that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k);

    h.    Award such other and further relief as the Court may deem just and appropriate.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact, including the award of compensatory damages and the amount to be awarded.

Respectfully submitted,

David H. Shapiro
D.C. Bar #961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C. 20005
Tel. 202-842-0300
Fax 202-842-1418

Attorneys for Plaintiff