UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NENA NWACHUKU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0946 (RJL) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| U.S. Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**STATUTORY BASIS**

1. Paragraph 1 is a statement of the statutory basis, i.e., Title VII, for Plaintiff's instant litigation, for which no response is necessary.

**JURISDICTION**

2. Paragraph 2 is a statement of factual basis for jurisdiction which is a legal conclusion for which no response is required. To the extent a response is required, Defendant admits to the accuracy of Plaintiff's recitation concerning the prior administrative processing of the two claims noted in this paragraph, with the exception that Defendant has no knowledge of the date that Plaintiff received the Notice of Final Agency Order.

**VENUE**

3. Paragraph 3 contains plaintiff's allegation of venue which is a legal conclusion for which no response is required.

**PARTIES**

4. Defendant admits that Plaintiff is of black coloration and that she is a female.

Defendant lacks sufficient knowledge to admit Plaintiff's country and/or state of citizenship, although Defendant does admit that Plaintiff has represented herself to be a United States citizen, (EPA would not have been permitted to hire her otherwise) as well as a resident of Maryland. Defendant admits that Plaintiff has been employed by EPA in her present capacity since 1998.

5.  Defendant admits that Stephen L. Johnson is the Administrator of EPA; that EPA is an independent agency within the Executive Branch of the United States Government; that EPA has at all times since 1995 employed more than 500 employees; and that Mr. Johnson may only be sued in the instant litigation in his official capacity. Defendant denies that Mr. Johnson is responsible for, played any role in, or had any knowledge of any of the adverse personnel actions cited by Plaintiff in the instant litigation.

## GENERAL ALLEGATIONS

6.  Defendant admits that Plaintiff's assertions about her title, grade level, office affiliation, and EPA tenure are correct. Defendant denies that Plaintiff has over 16 years in federal service, insofar as Defendant believes that Plaintiff's only position with a federal agency has been with EPA. Plaintiff has represented to EPA that her former employer was the government of the District of Columbia, which is not a Federal Government entity. Defendant lacks sufficient information to admit or deny how long Plaintiff has worked in the environmental field.

7.  Defendant admits that sometime in the 2001/2002 period Plaintiff lodged a union grievance against the individuals who were then serving as her immediate and second line supervisors, Dr. Rita Schoeny and Dr. Jeanette Wiltse, respectively, claiming that these individuals were treating her unfairly. Defendant asserts that this grievance process concluded

with a finding exonerating Drs. Schoeny and Wiltse. Defendant further asserts that Dr. Wiltse had retired at the time of the alleged discriminatory/retaliatory actions germane to the instant litigation and that Dr. Schoeny had been reassigned and no longer was serving in any supervisory capacity. Defendant asserts that Dr. Schoeny was not one of the OST managers who caucused and reached consensus with respect to the challenged selection process herein at issue.

    8. Defendant admits that Geoffrey Grubbs, the then OST Office Director, did announce in early 2003 the availability of a limited number of OST-wide accretion of duties promotions to the GS-14 level. Defendant denies that Mr. Grubbs ever represented that personnel would be promoted to the GS-15 level without assuming supervisory responsibilities, i.e., on a pure accretions of duties basis, which suggests that the employee continues to perform the same services, but that the importance and difficulty of such services demand a grade advancement. Defendant admits that Plaintiff submitted a written justification for an accretion of duties promotion to the GS-14 level, but Defendant denies that Plaintiff was "instructed" to do so. Defendant asserts that all eligible GS-13 employees were advised that, were they so inclined, they could make a submission. Defendant asserts that OST management made it clear that doing so was not obligatory nor was it a prerequisite for promotion consideration.

    9. Defendant lacks sufficient knowledge to either confirm or deny the date on which Plaintiff learned that she had not been selected as a GS-14 promotee. Defendant admits that the selections were made in the spring of 2003 but asserts that they were not publically disclosed until after the Office of Human Resources had given its endorsement some weeks later. Defendant denies that Plaintiff was explicitly told that she was "not qualified," and Defendant asserts that the mere fact of Plaintiff's non-selection conveyed OST management's determination

that she was not *as well qualified* as the **two** employees who did receive GS-14 accretion of duties promotions.  Defendant denies that either of these selectees was less qualified than Plaintiff.  Defendant admits that one of the selectees was a black African-American woman, serving in the capacity of an information systems specialist, and that the other selectee was a white male who did not possess a Ph.D.  Defendant denies the last sentence of the paragraph.

10.  Defendant admits that Plaintiff timely filed a discrimination complaint with EPA's Office of Civil Rights.  Defendant denies that any EPA employee, including any OST management official, has ever taken any retaliatory action against Plaintiff for having filed such complaint or for any other reason.  Defendant further denies that any EPA employee, including any OST management official, has ever subjected Plaintiff to any form of harassment, including the types enumerated in Paragraph 10 of the instant Complaint.  Defendant admits that Plaintiff does raise such allegations in EPA Complaint No. 2004-0050-HQ.

11.  Defendant admits that effective December 4, 2006, he terminated Plaintiff's employment with EPA.  Defendant denies that such termination was based on "trumped up charges of misconduct."  Defendant avers that Plaintiff was dismissed after an exhaustive investigative process that culminated in a finding by her third tier supervisor, Ephraim King, the Director of the Office of Science and Technology (OST), that she had (1) committed travel fraud, making criminal false statements in connection with official EPA business and causing criminal false claims to be filed against EPA; (2) falsely accused her immediate supervisor of a violence in the workplace offense; (3) failed to comply with two separate and distinct direct orders from her immediate supervisor; (4) been AWOL for five consecutive days; and (5) acted in an insubordinate and hostile manner in public towards her immediate supervisor and other OST

managers. Defendant denies that Plaintiff was terminated as a result of discrimination and/or in retaliation for exercising her rights to challenge discriminatory/retaliatory practices. Defendant avers that Plaintiff was terminated for committing egregious acts of misconduct; for refusing to acknowledge any personal responsibility for such acts and, in fact, for lying to disguise her culpability; and for otherwise having a performance history that did not warrant mitigating her disciplinary sanction.

### FIRST CLAIM FOR RELIEF

12. Defendant denies that any EPA employee, including any OST management official, has ever subjected Plaintiff to unlawful discrimination on the basis of her race and/or color.

13. Defendant denies that Plaintiff has incurred any damages or suffered any injuries from Defendant's alleged discriminatory practices, insofar as Defendant reiterates his denial of any EPA personnel ever having engaged in such practices with respect to Plaintiff.

### SECOND CLAIM FOR RELIEF

14. Defendant denies that any EPA employee, including any OST management official, has ever subjected Plaintiff to unlawful discrimination on the basis of her national origin.

15. Defendant denies that Plaintiff has incurred any damages or suffered any injuries from Defendant's alleged discriminatory practices, insofar as Defendant reiterates his denial of any EPA personnel ever having engaged in such practices with respect to Plaintiff.

### THIRD CLAIM FOR RELIEF

16. Defendant denies that any EPA employee, including any OST management official, has ever subjected Plaintiff to retaliation for having engaged in any alleged Title VII protected activity, including those matters identified in Paragraphs 9 through 11 of the instant Amended

Complaint.

17. Defendant denies that Plaintiff has incurred any damages or suffered any injuries from Defendant's alleged retaliatory practices, insofar as Defendant reiterates his denial of any EPA personnel ever having engaged in such practices with respect to Plaintiff.

## RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief is seeks. Defendant hereby specifically denies all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendant requests that the Court enter a judgment:

a. Dismissing the Complaint against Defendant with prejudice;

b. Award the defendant such other relief as the Court deems just, equitable and proper.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM,  D.C. Bar #435409
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-6531


Of Counsel:

Paul Winick, Attorney Advisor
Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W.
Ariel Rios Building North, Room 7454D
Washington, D.C.  20004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June 2007, service of the foregoing

Answer has been made by mailing a copy thereof to:

David H. Shapiro
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C.  20005

/s/
MARIAN L. BORUM
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530