UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NENA NWACHUKU, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STEPHEN L. JOHNSON, )<br>)<br>Defendant. ) | Civil Action No. 06-0946 (RJL) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to LCvR 16.3, the parties hereby report to the court that counsel for the parties conferred on July 10 and 13, 2007. As a consequence of this conference, the parties hereby report to the Court as follows:

1. Case Scheduling: There are no pending motions. However, defendant believes that some or all of the claims in this case may be resolved through a dispositive motion; plaintiff disagrees. The parties do not believe that discovery should be stayed at this time for dispositive motions.

2. Joinder/Amendment/Narrowing: The parties do not anticipate the necessity to join third parties or to amend the pleadings further. Neither party believes that the legal or factual issues can be narrowed at this time.

3. Assignment To Magistrate Judge: Defendant does not consent to assignment of this case to a magistrate judge for all purposes; plaintiff would consent to assignment to a magistrate judge.

4. Settlement Possibility: The parties do not see a realistic possibility of settlement at this time. Defendant believes that such discussions, if any, would be more appropriate after the

completion of discovery in this case.

     5. <u>Alternative Dispute Procedures</u>: At this time, the parties do not believe that the case could benefit from the Court's ADR process. The parties will inform the Court if it appears that mediation might be useful at a future date.

     6. <u>Dispositive Motions</u>: Defendant expects to file a dispositive motion upon the close of discovery in this case. The parties suggest that any post-discovery dispositive motion should be filed within 60 days after the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 30 days of the filing of the opposition.

     7. <u>Initial Disclosures</u>: The parties propose that initial disclosures authorized under Fed. R.Civ.P. 26(a)(1) be served within 60 days of the initial scheduling order.

     8. <u>Discovery</u>: The parties propose that the Court set a discovery schedule for this case, in accordance with the attached proposed Scheduling Order. The parties believe that 180 days are necessary to complete discovery. Interrogatories, requests for production of documents, and requests for admissions are limited to 25 in number. The parties are limited to 10 depositions per side with each deposition limited to seven hours. Should sensitive personal and/or medical information be exchanged during the course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval.

     9. <u>Experts</u>: The parties propose that plaintiff's expert disclosures be served within 45 days after the entry of the scheduling order, and that defendant's expert disclosures should be served within 60 days after service of plaintiff's expert disclosures.

     10. <u>Class Action Procedures</u>: Not applicable.

     11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation.

12. <u>Proposed Date For The Pretrial Conference</u>:  Plaintiff asks the Court to set a date certain in the initial scheduling order.  Defendant proposes that the setting of a pre-trial date await the outcome of dispositive motions.

13. <u>Trial Date</u>:  Plaintiff proposes that the trial date be set in the initial scheduling order for some time in the Fall/Winter of 2008.  Should a trial be necessary in this case, defendant proposes that the date should be set at the pretrial conference.

14. <u>Other Matters:</u>  None.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| David Shapiro, D.C. Bar # 961326 | JEFFREY A. TAYLOR, D.C. Bar #498610 |
| Sarah L Riger, D.C. Bar #16871 | United States Attorney |
| 1225 Eye Street, N.W., Suite 1290 | |
| Washington, D.C.  20005 | |
| (202) 842-0300 | |
| (202) 842-1418 | /s/ |
| Attorneys for Plaintiff | RUDOLPH CONTRERAS, D.C. Bar #434122 |
| | Assistant United States Attorney |
| | |
| | /s/ |
| | MARIAN L. BORUM,  D.C. Bar #435409 |
| | Assistant United States Attorney |
| | Judiciary Center Building |
| | 555 4th Street, N.W. - Civil Division |
| | Washington, D.C.  20530 |
| | (202) 514-6531 |
| | Attorneys for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NENA NWACHUKU )<br>)<br>         **Plaintiff,** )<br>)<br>  v.                                                  )<br>)<br>STEPHEN L. JOHNSON, )<br>         **Defendant.** )<br>) | Civil Action No. 06-0946 (RJL) |

### INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Report of Local Rule 16.3 Conference and the entire record herein, it is this _____ day of _____, 2007 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

Close of all discovery 180 days from the date of this Order.

Initial Disclosures as per Fed. Civ. P. 26(a)(1) to be exchanged within 60 day of this Order.

Parties are limited to 10 depositions per side.

Parties are limited to serving 25 discrete interrogatories, requests for the production of documents and requests for admissions.

| | |
|---|---|
| Deadline for filing dispositive motions | 60 days after close of discovery. |
| Deadline for filing opposition to dispositive motions. | 45 days after the filing of dispositive motions. |
| Deadline for filing reply to opposition to dispositive motions | 30 days after the filing of the opposition to dispositive motions. |

IT IS SO ORDERED.


Date: _____            _____
                                                                    UNITED STATES DISTRICT JUDGE