UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NENA NWACHUKU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0946 (RJL) |
| v. ) | |
| ) | |
| STEPHEN L. JOHNSON, ) | |
| Administrator, Environmental Protection ) | |
| Agency, ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

This is an action in which plaintiff alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. See Amended Complaint. In order to permit the parties to discover information relevant to this case pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree and it is hereby:

ORDERED, that whenever counsel for either party believes that formal or informal discovery in this case, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a (hereafter "Privacy Act"), the following procedures shall be followed:

1. Counsel for the producing party shall designate the particular information as subject to this Order.

2. If any party files any pleading or any other filing prior to trial and attaches thereto or sets forth the information that either party has designated as subject to this Order pursuant to

paragraph one, including portions of deposition testimony, responses to discovery, or exhibits that contain or disclose information subject to this Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title of this action, a brief description of the contents of such sealed envelope or container, and the words "under seal." Both "Version One" and "Version Two" shall be served on the other party.

3.  The right of access to all information designated as subject to this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties, counsels' office staff, consultants to the parties, expert witnesses employed by the parties, outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case information, and any other person mutually authorized by all counsel to examine such materials. Counsel for the parties may show materials designated as subject to this Order to witnesses at depositions in this matter, but the portions of the depositions containing or discussing designated information shall be kept under seal. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Any person listed above or subsequently provided with any information covered by this Order (except the Court, the Plaintiffs, and the parties' counsel) must sign the Acknowledgment of Protective Order attached hereto before being provided any such documents.

4.  If plaintiff believes that the material designated by defendant is not properly

subject to this Order, plaintiff may object to the designation of such information by defendant's counsel. Either party may file a motion for the Court to determine whether information designated by defendant's counsel is subject to protection from disclosure by the Privacy Act, however, the information shall remain under seal and not subject to disclosure unless and until the Court has ruled that it is not protected from disclosure.

5. Information which plaintiff may obtain or has obtained from any source other than from defendant through discovery which is the same as the information designated by counsel for defendant as that which counsel believes is subject to the Privacy Act shall not be considered confidential and shall not be subject to this Order.

6. Information subject to this Order shall be used only for purposes of this litigation, including any appeals, and shall not be disclosed to any person not named in paragraph 3 without further Order of the Court or stipulation of the parties; provided, however, that nothing contained herein shall limit the federal government's ability to use its records in any manner consistent with applicable statutes and regulations.

7. All portions of documents and copies of documents which contain designated information that is subject to this Order shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the portions of the documents are destroyed, the destroying party's counsel shall so notify opposing counsel in writing. Notwithstanding this duty to destroy or return, Counsel for the parties may retain one complete set of any protected information presented in any form to the Court or used during any deposition in an envelope(s) marked "Protected Information Subject to Protective Order," kept in a secure place at Counsel's office.

8. Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing information that is subject to this Order, into evidence at the trial of this case. If however, the documents containing such information are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

9. Any restrictions imposed by this protective order may be terminated by a letter from counsel for the designating party to opposing counsel or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

10. Any party may seek from the Court the modification of this Order.

Dated: November 9, 2007

Respectfully submitted,

*(signature)*
DAVID SHAPIRO
D.C. Bar #961326
SARAH RIGER
D.C. Bar #486591
Swick & Shapiro, P.C.
1225 Eye Street, N.W., Suite 1209
Washington, DC 20005
(202) 842-0300
Attorneys for Plaintiff

*(signature)*
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

*(signature)*
RUDOLPH CONTRERAS
D.C. Bar #434122
Assistant United States Attorney

*(signature)*
MARIAN L. BORUM
D.C. Bar #435409
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-6531

It is so ORDERED by this Court this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE