# EXHIBIT F

Page 328

```
 1              EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                   BALTIMORE DISTRICT OFFICE

 2                        VOLUME II

       NENA NWACHUKU

 3              Complainant          EEOC Case No.

            vs.                      100-2004-011025X

 4

       MICHAEL LEVITT, ADMINISTRATOR

 5     ENVIRONMENTAL PROTECTION       Agency Case Nos.

       AGENCY                         2003-0065-HQ

 6              Agency                2004-0050-HQ

 7     _____/

 8              The above-entitled matter came on for

 9     Hearing before Laurence Gallagher, Administrative

10     Judge, on Wednesday, October 26, 2005, commencing at

11     8:10 A.M. at the Equal Employment Opportunity

12     Commission, City Crescent Building, 10 South Howard

13     Street, 3rd floor, Baltimore, Maryland, before Chuck

14     Peppler, a Notary Public.

15     APPEARANCES:

16              LAURENCE GALLAGHER, ADMINISTRATIVE JUDGE

17              ROY J. BUCHOLTZ, ESQUIRE

                   On behalf of the Complainant

18

                PAUL M. WINICK, ESQUIRE

19                 On behalf of the Agency

20

21     REPORTED BY:   Chuck Peppler
```

Page 431

1     A     No.

2         Q     Did you have any of that when the time

3     came and your mother actually passed away?

4     A     No.

5             MR. BUCHOLTZ:  I have no other questions

6     at this time.  I move the admission of number 72.

7             MR. WINICK:  No objection.

8             JUDGE GALLAGHER:  That's admitted.

9     Doctor, we're going to take a short break.  Let's make

10    it five minutes.  Is that okay?

11             (Complainant's Exhibit Number 72 was

12    admitted into evidence.)

13             (There was a brief recess at 10:00 a.m.)

14             JUDGE GALLAGHER:  Good morning,

15    Mr. Grubbs.  My name is Administrative Judge

16    Gallagher.  I think you know what we're here for.  You

17    know everybody here.  I need you to be sworn in.

18    Could you please raise your right hand.

19    Whereupon,

20             GEOFFREY H. GRUBBS,

21    called as a witness, having been first duly sworn

Page 432

1    to tell the truth, the whole truth, and nothing but

2    the truth, was examined and testified as follows:

3                JUDGE GALLAGHER:  Your name for the record

4    is?

5                THE WITNESS:  Geoffrey Grubbs,

6    G-R-U-B-B-S.  The first name is with a G,

7    G-E-O-F-F-R-E-Y.

8                JUDGE GALLAGHER:  Mr. Grubbs, we're

9    dealing with a case that involves race, national

10   origin and retaliation.  Your race for the record is?

11               THE WITNESS:  Caucasian.

12               JUDGE GALLAGHER:  I think color also.

13   Your color is, of course, white.

14               THE WITNESS:  Mm-hmm.

15               JUDGE GALLAGHER:  National origin?

16               THE WITNESS:  Born in this country.

17               JUDGE GALLAGHER:  American.  Have you ever

18   filed an EEO complaint?

19               THE WITNESS:  Never.

20               JUDGE GALLAGHER:  Have you been an EEO

21   witness before in EEO proceeds before?

Page 525

1    duty promotions or procedures were not reflected in

2    your guidelines?

3         A    That's correct.

4         Q    You didn't use those procedures, did you?

5         A    The selection process here was for

6    putting --

7         Q    You didn't use the procedures?

8         A    I understand the meaning.  The question

9    is -- no, I won't repeat it.  But, the context of this

10   and what we were doing was deciding on individuals to

11   put forward for an accretion of duties process.  It

12   was always understood and it's a requirement that when

13   a person goes through the accretion of process duties,

14   that the formal agency process for accretion of

15   duties, they will need to comply with and to abide by

16   each of their requirements of that process.  This was

17   the threshold decision of who will be put forward in

18   the first place.

19        Q    Isn't it a fact that on March 21, 2003,

20   the five of you decided on the selection for the two

21   accretion of duties promotion?

Page 526

1        A       We decided who to put forward for the two

2    accretion of duties.  We did not give them the

3    accretion of duties.

4        Q       That's because there is paperwork that has

5    to be done after, correct?

6        A       Correct.

7        Q       Isn't it a fact that every single person

8    that you five decided on March 21, 2003 to promote,

9    whether it be supervisory or accretion of duties, a

10   total of nine, every single one of those was promoted?

11       A       Correct.

12       Q       So, you're talking about just simply doing

13   the paperwork afterwards?

14       A       It still has to meet all the Agency

15   requirements.

16       Q       I understand.  Every one of them met,

17   everyone because you had made a decision?

18       A       Because we made a good threshold decision.

19       Q       There was no discussion of Dr. Nwachuku at

20   the March 21, 2003 meeting, correct?  Is that correct?

21       A       I do not recall any.